**Rudolph JACKSON, Petitioner-Appellant,**

v.

**Joe S. HOPPER, Warden, Georgia State Prison, Respondent-Appellee.**

No. 76–3231

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1977.

Bryan M. Cavan, Decatur, Ga., for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Richard L. Chambers, Deputy Atty. Gen., B. Dean Grindle, Jr., John C. Walden, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Rudolph Jackson, a Georgia state prisoner, brings this appeal from the denial of his habeas corpus petition alleging that his waiver of trial by jury in state court was not intelligently made. We affirm the denial of the petition.

In 1973 Jackson was sentenced to life in prison for murder by a judge sitting without a jury. Jackson waived his right to jury trial on advice of his retained counsel, Horton Greene. The conviction was affirmed by the Georgia Supreme Court and Jackson's state habeas corpus petition was denied. Subsequently Jackson filed this habeas corpus petition in United States District Court asserting that he did not make the requisite intelligent waiver of his right to trial by jury in his murder trial.

When convicted Jackson was 33 years old and had a tenth grade education. His testimony concerning trial preparation and the decision to waive a jury trial conflicts with that of his attorney, Greene. The record shows that the murder took place in a nightclub parking lot after midnight; Jackson was implicated along with two "prostitutes" who were his companions that evening. Greene testified that

> with these unsavory type of situations, I was really afraid—not afraid—but I was concerned that I might get a jury where there might be some prejudice involved in this thing. I felt that I might end up with a hung jury; whereas before Judge Etheridge I felt that I would have a fair trial and unbiased and impartial trial.

Greene testified that he explained all this to Jackson, who agreed to the proposed waiver; Jackson testified that he understood nothing but left everything in Greene's hands. Jackson, who the record reflects can read and write, signed a written waiver of jury trial but testified that he did not understand what he was signing. Jackson admitted that he realized that there was no jury present during his trial; he complained

---

* Rule 18, 5th Cir.; *see Isbell Enterprises v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

neither to Greene nor to the trial judge. Jackson raised the alleged deficiency of waiver at the state habeas corpus proceeding but his petition was denied.

On account of the "constitutional magnitude of the right to trial by jury" the Judge below ordered an evidentiary hearing to determine whether Jackson had knowingly, intelligently and understandingly waived the right. The Judge determined after the hearing that Jackson "knew that he had the right to a jury trial" and that "he personally decided that it would be best to take the advice of his attorney and be tried to the court." The Judge further found that Jackson "was aware that he was being tried without a jury and at no time questioned the absence of a jury."

A defendant must expressly and intelligently participate in any waiver of his right to trial by jury, *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed.2d 854 (1930); *see United States v. Smith*, 5 Cir., 1975, 523 F.2d 788, 791. There is evidence in this record on which the Judge below could find that Jackson expressly and intelligently waived his right to a jury trial. Accordingly, we decline to disturb the judgment below.

AFFIRMED.