**David Jefferson LEWELLYN, Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellant.**

**No. 78–2488**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 13, 1979.

Robert L. Shevin, Atty. Gen., William I. Munsey, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellant.

Benjamin P. Reese, II, Sarasota, Fla., for petitioner-appellee.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

PER CURIAM:

Petitioner, David Jefferson Lewellyn, was charged in Florida state court with breaking and entering with intent to commit a felony (rape). In June 1970, he was arraigned in circuit court; he signed a waiver of counsel form. Record, at Exh. III. He entered a plea of guilty to the charge. The parties agree that at no time prior to the plea was Lewellyn informed by the circuit judge or the prosecutor of the maximum sentence that could be imposed on the charge. Four months after the arraignment Lewellyn was sentenced to imprisonment for six months to twenty years. He took no direct appeal.

On July 31, 1975, Lewellyn filed in the sentencing court a motion to vacate and set aside the judgment and sentence, alleging, among other grounds, that his guilty plea was invalid because he had not been advised of its consequences. His motion was denied. The dispositive order was appealed and affirmed, *Lewellyn v. State*, 339 So.2d 1180 (Dist.Ct.App.Fla.1976); thus Lewellyn has exhausted his state remedies.

The federal habeas corpus petition now before us was filed on December 21, 1976. It alleged the same grounds Lewellyn presented in his motion to vacate filed in state court. An evidentiary hearing was held before a magistrate on January 12, 1978. In his report and recommendation filed April 28, 1978, record, at 18, the magistrate concluded that although Lewellyn's waiver of counsel was valid, his guilty plea was not made knowingly and intelligently.

The magistrate found that prior to the entry of the plea neither the trial judge nor anyone else had ever apprised Lewellyn of the maximum sentence that could be imposed if he pled guilty to the charge. The magistrate acknowledged that Lewellyn "had the impression" that the possible maximum sentence was only fifteen years, but the magistrate found that Lewellyn's impression came from conversations with other prisoners *after* the guilty plea had been accepted by the court. The magistrate concluded that because Lewellyn was ignorant of the potential sentence at the time the plea was tendered the plea could not have been given knowingly and intelligently. It was consequently recommended that the writ be granted.

The respondent, Wainwright, filed a timely objection to the magistrate's report and recommendation. The district court subsequently adopted the report and recommendation and granted the writ, concluding that the failure of the state circuit judge, in entertaining Lewellyn's plea, to ascertain whether Lewellyn knew the outer limits of his possible sentence rendered his guilty plea unintelligent and constituted a denial of due process. On May 18, 1978, the judgment and sentence were vacated, and the district court directed that Lewellyn be released within 60 days, subject to the state's right to retry him within that time. The judgment was stayed pending this appeal.

The state contends that the district court erred in finding a due process violation because Lewellyn's valid waiver of the right to counsel constituted a waiver of any claim that the entry of his guilty plea was deficient. The state submits that the *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requirement that guilty pleas be knowing and voluntary has been impliedly modified by *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, in which the observation was made that "a defendant who elects to represent himself cannot thereafter [on appeal] complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Id.* at 834, n.46, 95 S.Ct. at 2541. The state's reliance on *Faretta* is unfounded. *Faretta* addressed the constitutional origins of the right of self-representation; it does not address, much less hint at, the requirement for a valid guilty plea. Indeed, *Faretta* mandates that a waiver of counsel also be "knowingly and intelligently" made and requires that the

trial court caution a defendant as to the dangers and disadvantages of self-representation in order that an intelligent choice can be made. *Id.* at 835, 95 S.Ct. 2525. *See Fisher v. Wainwright*, 584 F.2d 691 (5th Cir. 1978). Ignorance of the consequences of the plea is a factor that may require its rejection. *Boykin v. Alabama*, 395 U.S. at 244, 89 S.Ct. at 1712; *Wade v. Wainwright*, 420 F.2d 898, 900 (5th Cir. 1969). Because Lewellyn was ignorant of the maximum sentence which he could receive upon entering a guilty plea, his plea was involuntary and invalid under the due process clause. *See Cheely v. United States*, 535 F.2d 934, 935 (5th Cir. 1976) (guilty plea involuntary if made in ignorance of its consequences, including length of possible sentence, citing *Wade.*)

The state contends that it was prejudiced by Lewellyn's delay in petitioning for federal habeas relief; in the interim between sentencing and the filing of the petition the transcript of the sentencing proceedings was destroyed by a hurricane. We note that nothing in the sentencing hearing served as a ground for habeas relief in the district court. The state could not have been prejudiced by the transcript's unavailability.

AFFIRMED.