Jack Allen STEWART,
Petitioner–Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent–Appellee.

No. 80–1534
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 23, 1981.

Tom Mills, Dallas, Tex., for petitioner–appellant.

Nancy M. Simonson, Asst. Atty. Gen., Austin, Tex., for respondent–appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

For differing basic reasons, the petitioner in this habeas corpus case, the State of Texas and the federal magistrate all have failed to comply with the relatively simple requirements of *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) (en banc), and *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The failure of

the parties to adhere to the procedures essential to proper consideration of an application for the Great Writ cannot be ratified in an effort to reach more quickly a determination on the merits. Therefore, while affirming the trial court's dismissal of the application, we review once again those essential procedures.

The state law compliance issue requires little discussion. Stewart contends that his guilty plea was accepted in violation of Article 26.13(a)(2) of the Texas Code of Criminal Procedure because the state trial judge failed to inquire of either Stewart or his counsel whether his understanding of the agreement reached in plea bargaining was the same as that of the State and failed to admonish Stewart as to the significance of the plea–bargain agreement in terms of Stewart's right to withdraw his plea if the judge did not accept the agreement.

█ This contention does not state a claim upon which federal habeas relief can be granted. *See* 28 U.S.C. § 2254. Failure to comply with the requirements of a Texas criminal procedure statute does not, of itself, raise a federal constitutional question cognizable in a federal habeas corpus proceeding. Federal courts do not sit to enforce state procedural rules. *Van Poyck v. Wainwright*, 595 F.2d 1083, 1086 (5th Cir. 1979); *Davis v. Wainwright*, 547 F.2d 261, 264 (5th Cir. 1977); *Bell v. Estelle*, 525 F.2d 656, 657 (5th Cir. 1975). Moreover, it appears that the state trial court substantially complied with the required state procedure. Stewart has not affirmatively shown that he was misled or harmed by the admonishment of the state trial court.

█ The claim that the state judge and· Stewart's lawyer induced the guilty plea by misrepresentation of Stewart's parole eligibility was never presented to the state court. While Stewart's affidavit, attached to his state court habeas petition, stated that he had been informed that he would be locked up for no more than a year, this allegation was corollary to his contention that he had not been told the consequences of his plea. The argument that both his lawyer and the state trial judge misrepresented his plight was not raised.

█ In *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978), we considered en banc the proper disposition of petitions for habeas corpus relief that present a mixture of claims exhausted in state court and those never presented to a state tribunal. We held, affirming earlier decisions, that a district court must dismiss such a mixed petition without prejudice. Petitioners must "exhaust *all* their constitutional claims prior to federal court intervention." *Galtieri v. Wainwright*, 582 F.2d at 356. Therefore, the petition in this case should have been dismissed without prejudice.

If, however, "a district court erroneously reaches the merits of an exhausted claim in a mixed petition and an appeal is taken from its dispositive order," we review that disposition on its merits. *Galtieri v. Wainwright*, 582 F.2d at 362. Having reviewed the merits of the exhausted claim, we affirm the denial of habeas relief for noncompliance with the state procedural law and remand for dismissal without prejudice of petitioner's claim that his guilty plea was induced by unfulfilled promises of parole eligibility.

In doing so, we do not endorse the district court's thesis that the habeas petition is conclusory. While the various factual allegations are to some degree inconsistent, the complaint is specific:

Petitioner was tried before the Court on a plea of guilty and was represented by an attorney. Before trial a plea–bargain agreement was reached between Petitioner's attorney and the attorney for the State. At that time Petitioner was told by his attorney and the Trial Judge that he would be eligible for parole after serving twelve (12) months. In fact Petitioner was not eligible for parole until he served twenty–four (24) months. Petitioner was not eligible for parole under the standard one–third–plus good time formula because Petitioner was convicted of a felony which included the use of a deadly weapon. Tex.Code Crim.Proc. Ann. art. 42.12 § 15(b).

Petitioner relied on and was induced by the representation (twelve–month eligibility) in agreeing to the plea bargain. Because of the incorrect and coercive statements, upon which Petitioner relied, his plea was not an intelligent act done with sufficient awareness of relevant circumstances and likely consequences.

The district court considered these to be "conclusory allegations." We do not so view them. In *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), the allegations, while longer, were only slightly more detailed:

"The petitioner was led to believe and did believe, by Mr. Pickard [Allison's attorney], that he Mr. N. Glenn Pickard had talked the case over with the Solicitor and the Judge, and that if the petitioner would plea[d] guilty, that he would only get a 10 year sentence of penal servitude. This conversation, where the petitioner was assured that if he plea[ded] guilty, he would only get ten years was witnessed by another party other than the petitioner and counsel."

431 U.S. at 68–69, 97 S.Ct. at 1626, 52 L.Ed.2d at 143–144. The Supreme Court considered these allegations neither so vague nor so conclusory as to warrant dismissal for that reason alone.

Not every petition that passes facial scrutiny must proceed to evidentiary hearing. The Supreme Court in *Blackledge v. Allison* set forth the proper disposition of such a habeas petition.

[T]he district judge (or a magistrate to whom the case may be referred) may employ a variety of measures in an effort to avoid the need for an evidentiary hearing. Under Rule 6, a party may request and the judge may direct that discovery take place, and "there may be instances in which discovery would be appropriate [before an evidentiary hearing, and would show such a hearing] to be unnecessary. . . ." Advisory Committee Note to Rule 6, Rules Governing Habeas Corpus Cases, 28 U.S.C. p. 268 (1976 ed.). Under Rule 7 [of the Rules Governing Habeas Corpus Cases], the judge can direct expansion of the record to include any appropriate materials that "enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing."

In short, it may turn out upon remand that a full evidentiary hearing is not required. But Allison is "entitled to careful consideration and plenary processing of [his claim,] including full opportunity for presentation of the relevant facts." *Harris v. Nelson*, 394 U.S. [286], at 298, 89 S.Ct. [1082], at 1090 [22 L.Ed.2d 281]. *Blackledge v. Allison*, 431 U.S. at 81–83, 97 S.Ct. at 1633, 52 L.Ed.2d at 151–152.

For these reasons, the dismissal of the petition for habeas corpus on the ground of noncompliance with state law is AFFIRMED. The dismissal on other grounds is changed to dismissal without prejudice.