Odell Hargrow HILL,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr.,
Respondent-Appellee.

No. 80–1344
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 10, 1981.

George Scharmen, San Antonio, Tex. (Court-appointed) for petitioner-appellant.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, GARZA, and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Appellant Hill, a state prisoner, appeals from the district court's sua sponte dismissal of his pro se petition for writ of habeas corpus for failure to state a claim upon which relief could be granted. Rules Governing Section 2254 Cases in the United States District Courts, Rule 4. *See Colvin v. Estelle*, 506 F.2d 747, 748 (5th Cir. 1975). This Court affirms.

Taking Hill's allegations of fact as true, the facts are as follows. Hill was convicted on his plea of guilty for assault upon a peace officer with intent to murder. Hill committed this act prior to the effective date of the new Texas Penal Code, January 1, 1974, but was tried and sentenced after the effective date of that Code. 1973 Tex. Gen.Laws, ch. 399, § 4. Section 6(c) of the enabling Act of the new Texas Penal Code is a savings clause. This provides that a defendant may be sentenced under the new Code for crimes committed before its effective date, but only if he elects to do so by written motion filed with the court before sentencing. Under the old Penal Code, Hill's offense carried the specified range of punishment of life or any term of years not less than two. Tex.Rev.Civ.Stat. [former P.C.] art. 1160a. Under the new Penal Code, the punishment applicable is that for

attempted capital murder, which provides a range of punishment of confinement for life or for any term of years not more than ninety-nine nor less than five.[1] Hill's actual sentence was for not less than five nor more than twenty-five years.

Hill claims that because he did not elect to be sentenced under the new Penal Code, he was illegally sentenced in violation of the due process clause of the fourteenth amendment. Hill also makes two other claims that flow from his alleged failure to request sentencing under the new Code. He claims that the trial judge admonished him incorrectly on the range of punishment in violation of state law, and that he was denied effective assistance of counsel because his own attorney allegedly did not properly advise him of the appropriate range of punishment.

■■■ Violation of state sentencing statutes can in certain circumstances invoke the due process protections of the Constitution. *See Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); *Willeford v. Estelle*, 447 U.S. 931, 100 S.Ct. 3032, 65 L.Ed.2d 1126 (1980), *vacating and remanding for further consideration in light of Hicks v. Oklahoma*, 538 F.2d 1194 (5th Cir. 1976). In *Willeford*, the petitioner was an habitual drug offender and should have been sentenced under the special habitual drug offender statute, which provided for life imprisonment or any term of years not less than ten. He was erroneously sentenced under the general habitual offender statute and sentenced to life imprisonment automatically. In *Hicks*, the defendant was entitled to have his punishment fixed by the jury at any number of years not less than ten. Instead, he was erroneously given a mandatory forty-year sentence. The Supreme Court in *Hicks* held that it was no answer to say that the erroneous sentence was within the applicable range of punish-

ment under the proper statute. The defendant's loss of his right to discretionary sentencing invoked the protections of the Constitution because the denial of the benefit of the range of punishment to which he was entitled was *prejudicial.* A determination of prejudice to a prisoner's substantial rights is, of course, dependent on the facts of each case. This Court finds that while the defendant may have been erroneously sentenced under the new Texas Penal Code, he was not prejudiced thereby.

The phrase in the actual sentence referring to "not less than five years" is a formal minimum that the actual judgment must recite under Tex.Code Crim.Proc.Ann. art. 42.09, § 1. That statute provides that if the verdict fixes the punishment at confinement for more than the minimum term, the judge must pronounce an indeterminate sentence, fixing in that sentence as the minimum the time provided by law as the lowest term of confinement, and as the maximum the term stated in the verdict. The minimum in the indeterminate sentence cannot serve to shorten or extend the length of confinement since eligibility for release on parole is calculated on the basis of the maximum sentence imposed and not the minimum sentence. Tex.Code Crim. Proc.Ann. art. 42.12, § 15(b). Therefore, whether Hill had been sentenced to not less than five and not more than twenty-five years on the one hand, or to not less than two and not more than twenty-five years on the other, he in effect is serving a twenty-five year sentence and becomes eligible for parole at the same time regardless of whether the minimum imposed in the indeterminate sentence is two or five years.

Hill responds, however, that he has nevertheless been prejudiced. The trial judge as a sentencing authority is not different from a jury in that he has the privilege to exercise his discretion within the

---

1. The new Texas Penal Code Ann. § 15.01 provides that an attempt to commit an offense constitutes an offense "one category lower than the offenses attempted." Under § 19.03, murder of a peace officer acting in the lawful discharge of official duties and who is known to be a peace officer constitutes capital murder.

The corresponding new Code punishment applicable to Hill's old Code crime is that applicable to attempted capital murder, which is the punishment range under § 12.32 applicable to first degree felonies: life or any term of years not more than 99 nor less than five.

prescribed punishment range. Hill claims that a misinformed trial judge who limits his own range of discretion in assessing punishment is harming the defendant no less than a misinformed jury whose discretion is limited as in *Hicks*. Hill argues that the trial judge removed from his own consideration the possibility of the two-year sentence.

However, the punishment assessed is well in the middle range under either statute. It cannot be said that the different punishment ranges substantially limited the trial judge's sentencing discretion such as to prejudicially affect Hill. It would be an entirely different case if the judge had assessed his punishment at or near the minimum five years under the new Code, because then Hill might have received a sentence at or near the minimum two years under the old Code, and thus his argument to prejudice would have been substantial. But one cannot state with any reasonable certainty that if the trial judge had realized that a lower sentence were available, he would not have imposed the twenty-five year maximum. Indeed, the important focus for this trial judge's exercise of sentencing discretion was not the minimum sentence, but the recommended sentence pursuant to the plea bargain agreement. Furthermore, in *Hicks* the defendant was denied discretionary sentencing altogether because of an erroneous mandatory sentence, and in *Willeford* it was denied altogether because of an erroneous automatic sentence. In this case, sentencing discretion was exercised.

Hill further claims that his federal constitutional rights were violated because the trial court failed to properly admonish him, in violation of the state statute regarding admonishments on guilty pleas, as to the consequences of his plea of guilty. Tex. Code Crim.Proc.Ann. art. 26.13(a)(1) provided, at the time of Hill's guilty plea, that the trial judge advise the defendant about the range of punishment that attached to the offense.

A state court's failure to follow its own procedural rules does not of itself raise a federal constitutional question cognizable in a habeas corpus proceeding. *Stewart v. Estelle*, 634 F.2d 998, 999 (5th Cir. 1981); *Van Poyck v. Wainwright*, 595 F.2d 1083, 1086 (5th Cir. 1979). To rise to the level of a federal due process violation, the state trial judge's incorrect admonishment must somehow affect the knowing and voluntary character of the plea. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (guilty plea must be voluntary, intelligent, and uncoerced).[2]

A guilty plea must be an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970). Total ignorance of the outer limits of the penalty the defendant could suffer renders the plea invalid under due process. *Lewellyn v. Wainwright*, 593 F.2d 15, 17 (5th Cir. 1979); *Wade v. Wainwright*, 420 F.2d 898, 900–01 (5th Cir. 1969). The outer limits must be precisely, and not just substantially, known. *See United States v. Perwo*, 433 F.2d 1301, 1302 (5th Cir. 1970). However, ignorance of the precise limits is an entirely different case from full knowledge of the precise outer limits that is unfortunately based on incorrect information. *Perwo*, 433 F.2d at 1302 n.1. Even if misinformed about the maximum possible sentence, the defendant's plea is not to be set aside as involuntary if he receives a sentence less than the law permitted or less than the defendant was informed that the court could impose. *See United States v. Woodall*, 438 F.2d 1317, 1328–29 (5th Cir.) (en banc), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971).

---

**2.** The possibility of a greater punishment, without more, does not render a guilty plea involuntary. *See McCray v. Alabama*, 476 F.2d 256, 258 (5th Cir.), *cert. denied*, 414 U.S. 853, 94 S.Ct. 148, 38 L.Ed.2d 102 (1973). Hill has not shown that the threat of a harsher sentence was used to coerce his plea of guilty. Indeed, the permissible range of punishment under the old Penal Code had no maximum, and therefore the ability to impose a harsher sentence lies in the old Penal Code rather than in the new.

In this case, Hill was informed of the potential sentence ranges under the new Penal Code. While it was an incorrect statement of the punishment ranges available under the old Penal Code, it was a correct statement of the punishment ranges under the new Code. Thus, Hill did not make his plea in total ignorance of his plea consequences for he knew the precise limits of punishment for the statute under which he was being sentenced. In the context of a guilty plea with a recommended sentence well above the minimum under either statute, when the minimum serves no limiting effect on Hill's parole eligibility, there is no basis on which to conclude that the difference between the two possible ranges of punishment would reasonably have had an effect on Hill's decision to plead guilty, and the voluntary, intelligent character of his guilty plea is thus not destroyed.

Hill also claims that his counsel rendered ineffective assistance in failing to properly advise him, prior to his guilty plea, of the proper range of possible punishment. The duty of counsel to a defendant who declares his intention to plead guilty is to ensure that the guilty plea is knowingly and voluntarily made. *Grantling v. Balkcom*, 632 F.2d 1261, 1263 (5th Cir. 1980); *Jones v. Henderson*, 549 F.2d 995, 996–97 (5th Cir.), *cert. denied*, 434 U.S. 840, 98 S.Ct. 135, 54 L.Ed.2d 103 (1977). For the same reasons discussed above with regard to incorrect admonishment by the trial judge, there is no basis in this case for holding that any misinformation, because of the difference between possible punishment ranges, would reasonably have had any effect on Hill's plea of guilty. Therefore, this ineffective assistance claim is also not cognizable on federal habeas corpus review.

In conclusion, sentencing Hill under the new Texas Penal Code violated no federal constitutional provision because he can show no prejudice to any of his substantial rights. Additionally, no federal constitutional rights were violated by a judicial admonishment incorporating those sentencing provisions or by his counsel allowing him to plead guilty under those sentencing provisions. We caution, however, that this holding is compelled by the particular facts of this case and is not meant to be applied with broad strokes.

AFFIRMED.