894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony FOREMAN, Defendant-Appellant.
 No. 89-3686.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Anthony Foreman appeals the sentence imposed by the district court pursuant to the Federal Sentencing Guidelines (Guidelines). For the following reasons we remand the case to the district court for further consideration as required by 18 U.S.C. Sec. 3742(f)(1) (1989).
 
 I.
 
 2
 On December 28, 1988, a grand jury indicted the appellant on four counts of distributing cocaine, a violation of 21 U.S.C. Sec. 841(a)(1). Counts I and III charged Foreman with the distribution of approximately six (6) ounces of cocaine. Count II charged the appellant with the distribution of ten (10) ounces of cocaine. Count IV charged Foreman with possession with intent to distribute fifteen (15) ounces of cocaine. Foreman pled not guilty and persisted in that plea until the jury was sworn on February 21, 1989. Appellant then pled guilty to Counts II and IV of the indictment.
 
 
 3
 A pre-sentence report was prepared by the Probation Department. The report concluded that the total amount of cocaine involved in the appellant's course of conduct resulted in an offense level of 26 under the Federal Sentencing Guidelines. The pre-sentence report further found that the appellant was a leader or organizer (2 level increase), and that he had obstructed justice by attempting to influence a witness (2 level increase). The total adjusted offense level was therefore 30 with an anticipated Criminal History Category IV.
 
 
 4
 The pre-sentence report, however, concluded that the appellant was a career offender, pursuant to Section 4B1.1 of the Guidelines, based upon his June 2, 1980 conviction for aggravated (armed) robbery, and his June 24, 1980 conviction for gross sexual imposition. As a career offender under the sentencing guidelines the appellant's adjusted offense level was 34, Criminal History Category VI.
 
 
 5
 The district court accepted the probation officer's recommendations and sentenced Anthony Foreman to 262 months incarceration on July 7, 1989. Appellant timely filed a notice of appeal.
 
 II.
 A.
 
 6
 The appellant claims that he should not have been designated a career offender under the sentencing guidelines. Foreman was so designated based on two prior Ohio convictions--one for aggravated (armed) robbery and the other for gross sexual imposition. A career offender is one who is eighteen years or older, has been convicted of a felony that is either a crime of violence or a drug offense, and who has been previously convicted of two crimes of violence or drug offense felonies. 28 U.S.C. Sec. 994(h). Career offenders are subject to sentences which are "at or near the maximum term authorized" under the guidelines. Id.
 
 
 7
 Neither of the appellant's prior felonies were drug offenses. Accordingly, he could only be designated a career offender if his two prior felony convictions were crimes of violence. The appellant argues that the district court erred by accepting the probation officer's conclusion that appellant's gross sexual imposition conviction constituted a crime of violence. Whether gross sexual imposition may be found to be a crime of violence under the sentencing guidelines is a question of law subject to de novo review on appeal. United States v. Scartz, 838 F.2d 876, 878 (6th Cir.), cert. denied, 109 S.Ct. 303 (1988). A crime of violence under the guidelines is defined as follows:
 
 
 8
 (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 
 
 9
 (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 10
 18 U.S.C. Sec. 16; Sentencing Guidelines 4B1.2(1).
 
 
 11
 The appellant concedes that his prior felony conviction for aggravated (armed) robbery was a crime of violence but contends that he should not have been classified as a career offender because his prior conviction for gross sexual imposition is not considered a crime of violence under Ohio law. The Ohio Revised Code defines gross sexual imposition as follows:
 
 
 12
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more persons to have sexual contact when any of the following apply:
 
 
 13
 (1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.
 
 
 14
 (2) For the purpose of preventing resistance, the offender substantially impairs the other person's, or one of the other persons', judgment or control by administering any drug or intoxicant to the other person, surreptitiously or by force, threat of force, or deception.
 
 
 15
 (3) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of such person.
 
 
 16
 29 Ohio Rev.Code Ann. Sec. 2907.05 (Anderson 1987). The Ohio Revised Code defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." Ohio Rev.Code Ann. Sec. 2907.01(B) (Anderson Supp.1988).
 
 
 17
 Though the Ohio statute describes gross sexual imposition as a crime of violence arguably consistent with the federal guidelines, 18 U.S.C. Sec. 16(a), section 2901.01(I)(1) of the Ohio Revised Code specifically enumerates the thirty-three (33) crimes that Ohio characterizes as "offenses of violence." Gross sexual imposition is not one of the enumerated offenses. Nevertheless, the guidelines are a federal statute promulgated by the United States Sentencing Commission and are designed to be used by federal courts imposing sentences for persons convicted of federal crimes. See Mistretta v. United States, 109 S.Ct. 647, 649-53 (1989). Therefore, a crime is one of violence under Sec. 16(a) if it is defined under state law as requiring proof of the use of force, or attempted or threatened use of force, regardless of how the state may characterize the crime for its own multiple offender provisions. United States v. Baskin, 886 F.2d 383, 389 (D.C.Cir.1989).
 
 
 18
 Nevertheless, it appears in the instant action that the particular facts of the appellant's conviction for gross sexual imposition were not available to the district court. The probation officer noted in his report:
 
 
 19
 The details of this offense are not readily available. The defendant states he was dating the victim, Debbie Williams, for approximately 5 years, and during that period they had sexual relations. At some point Debbie became aware that the defendant was dating other women and subsequently filed charges of rape against him.
 
 
 20
 The district court judge did not attempt to ascertain whether the facts of the appellant's gross sexual imposition conviction constituted a crime of violence. Classifying Foreman as a career offender based on a statutory characterization of his previous crime is improper if an analysis of the facts relevant to appellant's gross sexual imposition conviction indicate that the crime was not, in fact, a crime of violence.
 
 
 21
 A review of the record indicates that the district court did not question the probation officer's basis for concluding that gross sexual imposition was a crime of violence.[1] Though the crime of gross sexual imposition may involve the use, attempted use, or threatened use of physical force against the person of another, it does not necessarily involve such physical force. See 29 Ohio Rev.Code Ann. Sec. 2907.05(A)(2) and (3) (Anderson 1987). A sentencing judge retains discretion to examine the facts of a predicate crime to determine whether it constituted a crime of violence though the guidelines' definitions and commentary provide a solid starting point for determining whether a prior conviction was in fact a crime of violence. United States v. Baskin, 886 F.2d at 389. We, therefore, remand this action to the district court for reconsideration of the appellant's gross sexual imposition conviction to determine whether it constituted a crime of violence under 18 U.S.C. Sec. 16.
 
 B.
 
 22
 Before accepting a guilty plea, Fed.R.Crim.P. 11(c)(1) requires a court to inform a defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Foreman argues that the district court failed to inform him of the guideline range applicable to the offenses in his plea.
 
 
 23
 A guilty plea must be an intelligent act done with sufficient awareness of the relevant circumstances and the likely consequences. McMann v. Richardson, 397 U.S. 759, 766 (1970). Total ignorance of the outer sentencing limits that a defendant could receive renders a plea invalid under due process. Lewellyn v. Wainwright, 593 F.2d 15, 17 (5th Cir.1979). However, even if misinformed about the maximum possible sentence, a defendant's plea is not to be set aside as involuntary if he receives a sentence less than the law permitted or less than the defendant was informed the court could impose. See United States v. Woodall, 438 F.2d 1317, 1328-29 (5th Cir.1970), cert. denied, 403 U.S. 933 (1971).
 
 
 24
 Foreman pled guilty to violating 21 U.S.C. Sec. 841(a)(1), distribution of cocaine, and was sentenced under 21 U.S.C. Sec. 841(b)(1)(C) which provides that "such person shall be sentenced to a term of imprisonment of not more than 20 years...." The district court could not advise the appellant of a mandatory minimum penalty because section 841(b)(1)(C) does not provide a mandatory minimum penalty. See 21 U.S.C. Sec. 841(b)(1)(C) (Supp.1989). The district court, however, informed Foreman of his maximum possible sentence:
 
 
 25
 COURT: Sir, if you enter a plea of guilty to the second and fourth counts of the indictment, you waive your right to a trial by jury, do you understand that?
 
 
 26
 FOREMAN: Yes, sir.
 
 
 27
 COURT: Now, if you enter a plea of guilty, the maximum sentence that the Court can impose within the guideline structure is 20 years in jail, a fine of up to a million dollars, and a $50 special assessment as to Count II, and it's the same as to Count IV.
 
 
 28
 Do you understand that? That's the maximum sentence that--do you understand?
 
 
 29
 FOREMAN: Yes.
 
 
 30
 COURT: All right. Has anyone promised you anything or threatened you in any way to enter a plea of guilty?
 
 
 31
 FOREMAN: No, sir.
 
 
 32
 It is evident from this dialogue that the appellant was adequately informed of his maximum possible sentence, pursuant to statute, prior to voluntarily entering his guilty plea.
 
 
 33
 Accordingly, this court follows the Ninth Circuit's reasoning in United States v. Turner, 881 F.2d 684 (9th Cir.), cert. denied, 110 S.Ct. 199 (1989):
 
 
 34
 A guilty plea invariably is made without complete foresight of the possible outcome of alternative procedures that might have been undertaken. Thus, an accused, with the assistance of his attorney, must examine the evidence which the Government has amassed against him, consider possible defenses, weigh the costs and benefits of proceeding to trial and ultimately decide, in light of the information then available, whether to enter a guilty plea. There is no guarantee that the accused will make the correct decision or that in hindsight such plea will not reflect an error in fact or judgment. Such uncertainty, which after all is the linchpin of every plea bargain, is inherent in a guilty plea and does not make the plea involuntary.
 
 
 35
 Id. at 686-87 (quoting Johnson v. United States, 539 F.2d 1241, 1243 (9th Cir.1976), cert. denied, 431 U.S. 918 (1977)).
 
 
 36
 Because Foreman was advised of the maximum penalty that he could receive pursuant to 21 U.S.C. Sec. 841(b)(1)(C), we reject appellant's second assignment of error and hold that the district court was not required to inform Foreman of the offense level and criminal history category applicable to him under the Sentencing Guidelines prior to accepting Foreman's guilty plea.
 
 
 37
 For the foregoing reasons, this action is remanded to the district court to determine whether appellant's gross sexual imposition conviction constituted a crime of violence pursuant to 18 U.S.C. Sec. 16.[2]
 
 
 
 [1]
 We find, after carefully reviewing the district court record, that the probation officer simply concluded that gross sexual imposition constituted a crime of violence as a matter of law. The district court then adopted the probation officer's conclusion without further inquiry into the facts relevant to Foreman's gross sexual imposition conviction
 
 
 [2]
 Appellant also argues ineffective assistance of counsel. We will not address this assignment of error prior to remand, however, because the ineffective assistance claim relates to the length of appellant's sentence which will be redetermined by the district court following remand