**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-40388**
**Summary Calendar**

**RUBEN TIJERINA,**

**Petitioner-Appellant,**

**VERSUS**

**WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT**
**OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

Appeal from the United States District Court
For the Southern District of Texas

(C-94-CV-162)

November 17, 1995

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

## BACKGROUND

Ruben Tijerina, a Texas state prisoner, proceeding pro se, filed the instant habeas petition asserting that: (1) his "guilty pleas" were involuntary because he was not aware of their

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

consequences; (2) the trial court failed to ascertain the knowing and voluntary nature of the pleas; and (3) the State did not honor their plea agreements. Although indicted on charges of aggravated kidnapping and aggravated sexual assault, the State "agreed to allow the defendant to plead to the lesser included offenses of sexual assault and kidnapping and drop the enhancement paragraph in both cases."

Tijerina pleaded nolo to both counts. He received, pursuant to the plea agreements, two 10-year terms of incarceration. Tijerina did not appeal his convictions and his applications for post-conviction relief were denied without written order on the findings of the trial court without a hearing. He has exhausted state remedies, as the respondent concedes.

A magistrate judge recommended that Tijerina's petition be denied on the merits. The district court adopted the magistrate judge's report and granted summary judgment for the respondent.

The district court granted a CPC and leave to appeal IFP.

OPINION

Tijerina argues that his nolo pleas were involuntary because: (1) he was not admonished by the trial judge in accordance with state law; (2) he was unaware of the consequences of his pleas; (3) the trial judge failed to read the indictments or inform him of the elements of the crimes; (4) he was induced into accepting the plea agreements by his counsel; and (5) the prosecutor breached the plea agreements by failing to dismiss the sexual-assault charge and failing to bench-warrant Tijerina for DNA testing within six months

2

of his conviction.  He raised these arguments in the district court.

He also contends that the federal habeas court improperly accorded state factual findings the presumption of correctness under 28 U.S.C. § 2254 "because no live evidentiary hearing was held."

### Nolo Pleas

Tijerina contends that the trial judge failed to admonish him properly in accordance with Tex. Crim. Proc. Code Ann. art. 26.13 (West 1989), relative to his nolo pleas.  The Constitution does not require a Texas state court to comply with article 26.13.  **Hill v. Estelle**, 653 F.2d 202, 205 (5th Cir.), cert. denied, 454 U.S. 1036 (1981).

Tijerina next contends that his pleas were involuntary because he was unaware of the consequences, was not read the indictments, nor informed of the elements of the crimes.  The record amply belies his contention.

Because a nolo plea is treated as an admission of guilt, the law applicable to a guilty plea is also applicable to a nolo plea.  **Carter v. Collins**, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990).  A habeas petitioner has the burden of demonstrating that his plea is invalid.  **Bonvillain v. Blackburn**, 780 F.2d 1248, 1251 (5th Cir.), cert. denied, 476 U.S. 1143 (1986).  Before accepting a guilty plea, the trial court must ascertain that the defendant "has a full understanding of what the plea connotes and of its consequence."  **Boykin v. Alabama**, 395 U.S. 238, 244 (1969).  A federal habeas

3

court will uphold a guilty plea if it was knowing, voluntary, and intelligent. **Hobbs v. Blackburn**, 752 F.2d 1079, 1081 (5th Cir.), cert. denied, 474 U.S. 838 (1985).

The state record amply establishes that Tijerina fully understood the consequences of his pleas, that he waived the reading of the indictments against him, and that he was informed of the elements of the crimes charged. Tijerina signed two forms entitled "DEFENDANT'S WAIVER OF RIGHTS, DEFENSE COUNSEL'S CONSENT, STATE'S CONSENT, AND ORDER OF APPROVAL," wherein he waived, inter alia, a language interpreter, a jury trial, and the confrontation of witnesses. The waivers were signed by Tijerina, his counsel, the prosecutor, and the presiding judge. Tijerina also received written admonitions regarding his pleas which informed him that the pleas must be voluntary and of his own free will, that he had the right to plead not guilty, explained the punishment range for his crime, and explained numerous other rights associated with criminal prosecutions. Tijerina signed the written admonition forms, averring that: (1) he was pleading voluntarily, without force, threats, persuasion, fear or promise; (2) he was entering his pleas because he did not want to contest charges against him; (3) he understood the written explanation of his constitutional rights and chose to waive them; (4) he had a sufficient opportunity to consult with his lawyer and was satisfied with the representation received; (5) he was mentally competent; (6) he entered into the plea agreements with the assistance of his lawyer who had explained the

4

plea agreements to him; (7) he understood the plea agreements and agreed to them; and (8) he was a citizen of the United States.

Tijerina also signed two forms entitled "JUDICIAL STIPULATION" which stated that: (1) he was satisfied with his attorney; (2) he was pleading nolo to the lesser-included offenses of kidnapping and sexual assault; (3) his pleas were voluntarily and knowingly made; and (4) he was waiving certain constitutional rights. The minute entries regarding Tijerina's judgments of conviction indicate that he waived the reading of the indictments and that the court advised him of the elements of the offenses prior to accepting his pleas.

The transcript of Tijerina's nolo-plea hearing also demonstrates that he understood the nature of the constitutional protections he was waiving, the charges he was facing, and the consequences of his pleas. See **Taylor v. Whitley**, 933 F.2d 325, 329 (5th Cir. 1991) (the critical issue in determining if a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect"), cert. denied, 503 U.S. 988 (1992). Tijerina has not established that his nolo pleas were either involuntary or invalid in this regard.

Tijerina also contends that he was "induced by his Court-Appointed Attorney into accepting the plea bargain agreements." Tijerina raised this issue in the district court, but offered nothing in support of the contention. Bald assertions are insufficient to state constitutional claims. See **Ross v. Estelle**,

5

694 F.2d 1008, 1011-12 (5th Cir. 1983) (mere conclusory allegations do not raise a constitutional issue in a habeas proceeding).

Tijerina also contends that his nolo pleas were involuntary because the prosecutor breached the plea agreements. He contends that the plea agreements required the dismissal of the sexual-assault charge against him and required that he be bench-warranted for DNA testing within six months of his conviction.

The written plea agreements, signed by Tijerina, his lawyer, and the prosecutor, indicate that the State agreed to prosecute on the lesser-included offenses of kidnapping and sexual assault, instead of the initial charges of aggravated kidnapping and aggravated sexual assault. The plea agreements contain no indication of an agreement to dismiss the sexual-assault charge or bench-warrant Tijerina for DNA testing.

Linda Rhodes-Schauer, the prosecutor, averred that Tijerina's contentions were "totally untrue," that "no such agreement between the parties" existed, and that "it was [her] practice . . . to write any and all agreements between the parties on the plea bargain form and state them into the record." Tijerina has failed to show that his nolo pleas were anything but knowingly and voluntarily made.

### State-Court Findings

Tijerina contends that the district court should not have accorded the state-court factual findings a presumption of correctness under § 2254. The crux of his argument is that a "paper-hearing" was improper and that a live evidentiary hearing

6

should have been conducted. The argument is factually frivolous; the district court did not rely on the state-court factual findings nor accord them a presumption of correctness.

Throughout his brief, Tijerina makes much ado of the fact that the complaining victim's name in the indictment was Susan Baggins, but that at trial, the victim was referred to as Susan Blalock. Although unclear, it appears that his argument is that the indictments were defective because they contained the wrong name of the victim.

A defective-indictment argument was not raised in the district court. This Court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotations and citation omitted). This claim, which involves a factual component, is not subject to review on appeal.

Tijerina also complains that he was improperly denied a transcript of his <u>nolo</u>-pleas hearing and was thus "precluded from proving to the State Court that the indictments were fundamentally defective." To the extent Tijerina asserts a due process challenge to his state habeas proceedings, infirmities in state habeas proceedings do not constitute grounds for federal relief. <u>See</u> **Duff-Smith v. Collins**, 973 F.2d 1175, 1182 (5th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 1958 (1993).

In the district court, Tijerina alleged that he was denied counsel of choice by the trial court.  He does not address nor brief this issue on appeal, and thus, it is deemed abandoned. **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987).

**AFFIRMED**

opin\95-40388.opn