IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30755

Summary Calendar
_____

CHARLES MOSBY,

Petitioner-Appellant,

v.

BURL CAIN, Acting Warden; RICHARD P. IEYOUB,
Attorney General,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(93-CV-951)
_____

March 4, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charles Mosby seeks relief under 28 U.S.C. § 2254, claiming

that he did not knowingly and intelligently waive his right to

trial by jury in connection with his conviction under Louisiana

law of second degree murder and his sentence to life imprisonment

without benefit of probation, parole, or suspension of sentence.

The district court denied Mosby's habeas petition.  We affirm.

Procedural History

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Mosby's application for state post-conviction relief began with his "Assignment of Error No. #1" -- that "he did not make a knowing and intelligent waiver of his fundamental right to trial by jury in violation of his guarantee provided by the Sixth and Fourteenth Amendment's [sic] to the United States Constitution." Mosby buttressed his claim for relief by pointing out that the state trial record failed to show that he made such a waiver. The state district court determined that Mosby's claim was based on a statutory right arising under La. Code Crim. Proc. Ann. art. 780 (West 1985), which did not raise a constitutional claim, and the Louisiana Supreme Court denied Mosby's application for review of the decision without written reasons.

Mosby filed a federal habeas corpus petition alleging again that he did not make a knowing and intelligent waiver of his right to trial by jury. He further argued that he was never apprised by the court or counsel of his right to a jury trial. The respondent answered and conceded that Mosby had exhausted his state remedies. The respondent argued that Mosby was merely raising a state statutory claim that did not give rise to a constitutional right. The respondent further argued that the claim was without merit as a matter of state law because Mosby failed to make a motion in arrest of judgment in the trial court and, thus, did not preserve the error on appeal. Finally, the respondent argued that the state court record reflects that Mosby had validly waived his right to a jury trial.

The magistrate judge concluded that the state court record did not contain sufficient evidence to show that Mosby had knowingly and intelligently waived his right to a jury trial, and that there were no binding factual findings at the state court level that were entitled to a presumption of correctness. Accordingly, the magistrate judge scheduled an evidentiary hearing and appointed counsel for Mosby.

Evidentiary Hearing

At the hearing, Leon Jackson testified that he had represented Mosby in May 1982. Jackson related that he had reviewed his file concerning Mosby, but admitted that he had no independent recollection of the case. Jackson stated that he had a standard practice of advising clients charged with felonies of their right to a trial by jury. According to Jackson, his handwritten notes reflected that Mosby had requested a judge trial on the day of his trial.

Mosby testified at some length. He testified that he met Leon Jackson about fifteen minutes prior to trial and Jackson told him that they were proceeding with a judge trial. Mosby stated that he had never gone to trial before and he relied on the lawyer's advice. Mosby testified that he was not aware that he was entitled to a jury trial after talking to Jackson. He acknowledged that he had been represented by other counsel prior to Jackson's appointment, but did not recall being represented by a Jeff Calmes at his preliminary hearing. Mosby claimed that he did not become aware that he had been entitled to a jury trial

until 1987, five years after he had been imprisoned. Mosby admitted that he had been arrested for several felonies prior to the instant offense, but denied discussing his right to trial by jury with any of his attorneys.

The respondent filed several affidavits into the record at the hearing, including one by Jeff Calmes who had represented Mosby at his preliminary hearing. Calmes also had no independent recollection of his representation of Mosby, but stated that as a matter of course, he always advised his clients of their right to a jury trial.

## Findings of Fact and Conclusions of Law

The magistrate judge filed a report containing detailed findings of fact and conclusions of law. The magistrate judge specifically found that Mosby knowingly and intelligently agreed with the decision to go to trial without a jury. Mosby filed objections to the magistrate judge's findings and conclusions. The district court adopted the magistrate judge's recommendation and denied Mosby's habeas petition. Mosby appealed, and filed a motion for a certificate of probable cause which this court granted.

## Procedural Bar

As an initial matter, the respondent is arguably asserting a procedural bar to our consideration of Mosby's challenge to his conviction. The respondent argues that, under state law, a defendant cannot raise the waiver issue for the first time on appeal and that Mosby was required under state law to raise the

issue in a motion in arrest of judgment, which he failed to do. We note that the respondent did not specifically argue "procedural bar" in the district court. Assuming arguendo that the respondent is making such an argument here, and that we would permit such an argument for the first time on appeal, it is enough to dispose of it to say that this court will not invoke a state procedural bar that the state courts have not addressed. See Ratcliff v. Estelle, 597 F.2d 474, 477 (5th Cir.), cert. denied, 444 U.S. 868 (1979). The last state court to render a reasoned judgment in this case, i.e., the state district court, did not do so based on Mosby's failure to follow proper state law procedure. Instead, the state court reviewed Mosby's petition and determined that his allegations did not provide a basis for postconviction relief. Thus, even if the respondent had adequately invoked the procedural bar, it does not bar federal review of Mosby's petition.

Merits of Mosby's Constitutional Claim

Turning to the merits, Mosby argues that he was denied the right to a jury trial and that he would have elected to proceed before a jury if he had known that he had an opportunity to do so. The respondent is correct that the failure to comply with a state procedural rule does not raise a federal constitutional issue subject to habeas review. See Stewart v. Estelle, 634 F.2d 998, 999 (5th Cir. 1981). However, Mosby clearly argued in state court that he did not make a knowing and intelligent waiver of his right to trial by jury. He also argued, whether simply as

support for his main argument or as an additional argument, that the record did not reflect that he made a knowing waiver in the form required under Louisiana statutory law.  But, as the magistrate judge and the district judge correctly recognized, if Mosby's state court application presented the issue of the voluntariness of the waiver to the state court -- as it did -- the fact that the state court did not address the merits of the claim cannot obviate the necessity for the federal courts to address it.

Mosby argues that the case of <u>Jackson v. Hopper</u>, 547 F.2d 260 (5th Cir.), <u>cert. denied</u>, 434 U.S. 842 (1977), is distinguishable from his case because Jackson had signed a written waiver and his counsel testified that he had advised Jackson of his right to a jury trial.  He argues that there is no written documentation of a waiver in his case and neither of his counsel could positively testify that he had advised Mosby of his rights.  Thus, Mosby argues, there was insufficient evidence to support the district court's determination that he knowingly waived his right to a jury trial.

The right to trial by jury may be waived only when the defendant's decision is voluntary, knowing and intelligent.  <u>See</u> <u>Patton v. United States</u>, 281 U.S. 276, 312 (1930).  "[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case."  <u>Adams v. United States ex rel</u> <u>McCann</u>, 317 U.S. 269, 278 (1942).  A habeas petitioner has the

6

burden of establishing that he did not competently and intelligently waive his constitutional rights.  See Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938).

In this case, a minute entry entered at the commencement of the trial reflected that Mosby was present at the time that his counsel informed the court that Mosby wished to waive trial by jury and had elected to be tried by the judge.  A minute entry standing alone is not sufficient to establish that the defendant waived his right to trial by jury.  See Williford v. Estelle, 672 F.2d 552, 554-55 (5th Cir.), cert. denied, 459 U.S. 856 (1982).  However, the minute entry, read in conjunction with the testimony and affidavits presented at the federal evidentiary hearing, reflect that both counsel who represented Mosby had a practice of advising their clients of their right to  a jury trial and supported the magistrate judge's conclusion that Mosby was aware that counsel was waiving that right on his behalf at the commencement of his trial.

Jackson is relevant to this case in that it reflects this court's decision to rely on the district court's factual determination concerning the credibility of the petitioner's testimony.  Here, the magistrate judge, after hearing the testimony of Mosby and his counsel, determined that Mosby had knowingly and intelligently waived his right to a jury trial.  Those findings were adopted by the district court.  The record evidence supporting that conclusion leads us to decide that the finding was not clearly erroneous.  See Gomez v.Collins, 993 F.2d

7

96, 98 (5th Cir. 1993) (determination whether petitioner had intelligently waived his right to counsel was a factual determination, subject to clearly erroneous standard).

The judgment of the district court is AFFIRMED.