[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10221
Non-Argument Calendar

_____

D. C. Docket No. 06-22893-CV-PCH

GARY WILLIAM BAUDER,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS STATE OF FLORIDA,
Walter A. McNeil,
SECRETARY FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES,
TIMOTHY BUDZ, Facility Administrator,
FLORIDA CIVIL COMMITMENT CENTER,
ATTORNEY GENERAL OF FLORIDA, Bill McCollum,
STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2009)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Gary Bauder, a state prisoner proceeding pro se, appeals the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. We granted Bauder's motion for a certificate of appealability on the following issues: (1) Whether the district court erred in finding that Bauder's guilty plea was knowing and voluntary in light of Bauder's allegation that counsel was ineffective for affirmatively misadvising Bauder regarding the consequences of his plea, and (2) whether the district court abused its discretion by failing to conduct an evidentiary hearing on Bauder's claim that he received ineffective assistance of counsel because his counsel affirmatively misadvised him with regard to the consequences of his plea. Bauder argues that his guilty plea was not a knowing one because his attorney affirmatively misadvised him regarding his sentencing exposure

A defendant pleading guilty must do so knowingly and voluntarily. "Total ignorance of the outer limits of the penalty the defendant could suffer renders the plea invalid under due process." Hill v. Estelle, 653 F.2d 202, 205 (5th Cir. Aug. 1981).[1] "The outer limits must be precisely, and not just substantially, known." Id.

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981 are binding as precedent in this Court. See Bonner v. Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

"However, ignorance of the precise limits is an entirely different case from full knowledge of the precise outer limits that is . . . based on incorrect information." Id. "Even if misinformed about the maximum possible sentence, the defendant's plea is not to be set aside as involuntary if he receives a sentence less than the law permitted or less than the defendant was informed that the court could impose." Id.

Aggravated stalking of a minor is a third degree felony in Florida. F.S.A. § 784.048(5). Persons convicted of a third degree felony in Florida may be sentenced to a term of imprisonment not exceeding five years. F.S.A. § 775.082(d). Florida courts may impose an extended term of imprisonment if they find that a defendant has a qualifying prior conviction. F.S.A. § 775.084. Although the state court improperly advised Bauder that the minimum and maximum sentence he faced was eight years' imprisonment, because Bauder received a sentence much less than the maximum permitted by law, he is not entitled to relief on this ground.

However, we do find merit in his claim that he was misadvised about the potential civil commitment that he faced. Although counsel is not constitutionally ineffective for failing to inform a defendant of collateral consequences of a guilty plea, United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985), we have distinguished between trial counsel's failure to inform a defendant of potential

collateral consequences and counsel's affirmative misadvice to a defendant regarding potential collateral consequences.  See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (reversing and remanding for an evidentiary hearing to determine whether counsel's affirmative misadvice regarding parole eligibility, a collateral consequence, rendered the appellant's guilty plea unknowing and involuntary); Slicker v. Wainwright, 809 F.2d 768, 770 (11th Cir. 1987) (reversing and remanding for an evidentiary hearing because the appellant alleged that, had counsel not affirmatively misinformed him about parole eligibility, he would have insisted on proceeding to trial); Downs-Morgan v. United States, 765 F.2d 1534, 1540-41 (11th Cir. 1985) (distinguishing an attorney's failure to advise his client regarding a collateral consequence of his plea from an affirmative misrepresentation, concluding that whether counsel was ineffective based on a misrepresentation should be determined based on the totality of the circumstances).

Under Florida's Jimmy Ryce Act, persons determined to be "sexually violent predators" by a court or a jury "shall be committed . . . until such time as the person's mental abnormality or personality has so changed that it is safe for the person to be at large" after that person's criminal incarceration has expired.  F.S.A § 394.917(2).  At least one Florida intermediate appellate court has held that civil

4

commitment pursuant to the Jimmy Ryce Act is a collateral consequence. <u>See,</u> <u>e.g.</u>, <u>Watrous v. State</u>, 793 So.2d 6 (Fla. 2d DCA 2001). Furthermore, the Supreme Court has ruled that statutes requiring the civil commitment of sexual predators in other states are not criminal in nature. <u>See</u> <u>Kansas v. Hendricks</u>, 521 U.S. 346, 363-365, 117 S.Ct. 2072, 2082-2084, 138 L.Ed.2d 501 (1997).

Here, the district court failed to analyze the effect of defense counsel's alleged affirmative misadvice regarding civil commitment. Instead, the court analyzed Bauder's claim as if he only claimed that his counsel failed to advise him of potential civil commitment. The district court should not have rejected the ineffectiveness claim without considering the impact of the alleged affirmative misadvice. We remand to the district court so it can reconsider Bauder's ineffectiveness claim in this respect.

Because we remand for further consideration of Bauder's claims outlined above, we need not address the district court's failure to conduct an evidentiary hearing.

**VACATED AND REMANDED**