Johnny Ray **SEATON,**
**Petitioner-Appellant,**

v.

Raymond K. **PROCUNIER, Director of Texas Department of Corrections,**
**Respondent-Appellee.**

No. 83–1882.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1985.

Johnny Ray Seaton, pro se.

Scott Moore, Austin, Tex., (Court appointed), for petitioner-appellant.

Jim Mattox, Atty. Gen., Laurie A. Booras, Enforcement Div., Austin, Tex., for respondent-appellee.

Before REAVLEY, TATE and HILL, Circuit Judges.

REAVLEY, Circuit Judge:

Johnny Ray Seaton was convicted in 1975 before a Texas court of aggravated rape upon his nine year old step-daughter. He is now serving a sentence, enhanced because of a prior conviction, for a term of from 15 to 99 years. The district court denied his application for writ of habeas corpus, and we affirm.

Seaton's only contention before this court is the insufficiency of the evidence to prove that he compelled his victim to submit by threatening imminent infliction of death and serious bodily injury, as charged by the indictment. Under *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979), constitutional due process requires that the evidence, taken most favorably to the prosecution, warrants a finding of guilt beyond a reasonable doubt by a rational factfinder. The evidence showed that Seaton brutalized the child. Though she resisted and tried to escape, he jerked her back by her hair. He beat her about the face until her eyes were almost closed, her face and nose were bleeding, and thereafter her face was black and swollen. The doctor who examined her the next evening found multiple bruises about her face and head and on the backs of her legs. The outer part of her vagina was bruised and she suffered an inside tear that required surgery under general anesthesia. She was hospitalized for several weeks. A few months after the incident she testified at the trial about being raped and beaten, and she said: "He told me he would kill me." She did not specifically testify as to whether that threat was used to further Seaton's carnal exploitation or to induce her to keep the matter secret. Naturally, so young a witness, testifying to so gruesome an experience in a public courtroom and in front of the perpetrator, was less than full and explicit about the details.

The jury found that Seaton compelled the child's submission by threats of death and serious bodily harm, and the Texas Court of Criminal Appeals held that his acts constituted sufficient evidence of such a threat. *Seaton v. State*, 564 S.W.2d 721, 724 (Tex.Crim.App.1978). On that di-

rect appeal the Texas court relied on the acts of physical aggression as communicating the threat to use even greater force. *Id.* In 1982 when the Texas court had the same point before it in a collateral attack by Seaton, it concluded in an unpublished opinion that a jury could have found from this evidence that an express verbal threat to kill the child was made during the course and for the purpose of perpetrating the rape itself. In view of the testimony of the child that she was threatened with death, when coupled with the severity of the beating that was inflicted upon her, it would not be unreasonable to conclude that a threat to kill was made in the course of the violent episode. We do not fault the Texas court for either view of the evidence.

Seaton, through his able appointed counsel, argues that proof of a verbal threat is lacking and that under Texas law this element of the crime of aggravated rape is absent where the defendant only beats the victim without verbally threatening greater harm. A plurality of the Texas court so said a year after the *Seaton* opinion in *Rucker v. State,* 599 S.W.2d 581 (Tex.Crim. App.1979). The court made a similar holding in a case decided between *Seaton* and *Rucker: Rogers v. State,* 575 S.W.2d 555 (Tex.Crim.App.1979). The *Rogers* court expressly distinguished the holding in *Seaton* on the basis of the age of the child and the serious consequences of the attack upon her. 575 S.W.2d at 559, n. 2. It should be noted that the Texas Legislature promptly changed the writing of the court in *Rogers* and *Rucker* by providing that a person commits aggravated rape if he commits rape and he "by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." Tex.Penal Code Ann. § 21.03(a)(2) (Vernon Supp. 1984). *See Bank v. State,* 662 S.W.2d 627 (Tex.App.—Houston [14 Dist.] 1983).

Petitioner insists that this element of the crime, to be tested by us for sufficiency of proof, is that expressed by the Texas court in *Rucker.* He accepts the proposition that the Texas court is entitled to change the law without making it retroactive for application to Seaton's conviction. *See Wain-*

*wright v. Stone,* 414 U.S. 21, 24, 94 S.Ct. 190, 193, 38 L.Ed.2d 179 (1973); *Prater v. Maggio,* 686 F.2d 346, 349 (5th Cir.1982). Petitioner, instead, argues that the *Rucker* rule was always Texas law and that the court simply erred in its *Seaton* decision. With the persuasiveness of that argument we are not now concerned, because its resolution never reaches beyond a level of Texas jurisprudence to one of constitutional dimension. Furthermore, the Texas court in *Rogers* said that *Seaton* was correctly decided, 575 S.W.2d at 559 n. 2, and the plurality decision in *Rucker* stated that any conflict to be found in *Seaton* was overruled, 599 S.W.2d at 586.

We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law. *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984); *Trussell v. Estelle,* 699 F.2d 256, 259 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 168, 78 L.Ed.2d 153 (1983). We conclude that Seaton was tried properly under the law as declared by the Texas court and applied to his case, and that the verdict of the jury was one that a rational factfinder could reach.

The trial court's denial of the writ is AFFIRMED.