Mark Austin BURGE,
Petitioner–Appellee,

v.

Robert H. BUTLER, Sr., Warden,
Louisiana State Penitentiary,
Respondent–Appellant.

No. 88–3019.

United States Court of Appeals,
Fifth Circuit.

March 10, 1989.

---

William R. Campbell, Jr., New Orleans, La., for respondent-appellant.

Mark Austin Burge, Angola, La., pro se.

Before CLARK, Chief Judge, TIMBERS * and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Because the state trial court misunderstood the effective date of a new sentencing statute, a defendant convicted of a felony was sentenced under a statute that did not apply to his crime and to a sentence that was not authorized by the state legislature. We hold that he was deprived of liberty without due process of law, and accordingly grant habeas corpus relief unless the state shall resentence him under a statute applicable to his offense.

### I.

On July 28, 1976, Mark Austin Burge committed acts that led to his indictment by the State of Louisiana on charges of aggravated kidnapping in violation of Louisiana Revised Statutes Annotated § 14:44 and aggravated rape in violation of Louisiana Revised Statutes Annotated § 14:42.

After trial by jury he was convicted of both offenses. The circumstances of these offenses are recited in *State v. Burge*,[1] and we do not repeat them because Burge does not contest his guilt.

On the date Burge committed the crimes, Louisiana's aggravated rape statute mandated the death penalty, and its kidnapping statute provided:

> Whoever commits the crime of aggravated kidnapping shall be punished by death; provided that if the kidnapped person is liberated unharmed before sentence is imposed then the sentence of death shall not be given but the offender shall be sentenced to *life imprisonment at hard labor*.[2]

Twenty-six days before Burge committed his offenses, the United States Supreme Court had, on July 2, 1976, declared in *Roberts v. Louisiana*[3] that Louisiana could not enforce its mandatory death penalty for first degree murder. The rationale of the plurality opinion was that the state procedure did not afford a "meaningful opportunity for consideration of mitigating factors presented by the circumstances of the particular crime or by the attributes of the individual offender."[4] A few days later, but still before Burge had committed the crimes, the Court had also held Louisiana's imposition of the death penalty for the offense of aggravated rape to be unconstitutional.[5]

To conform Louisiana's procedure in capital cases to the Supreme Court's opinions concerning capital punishment, Louisiana amended its statutes relating to sentencing for capital offenses. The amended statutes provide, inter alia, for an initial trial considering only the issue of guilt or innocence, followed, when a defendant has been convicted, by a separate sentencing hearing.[6]

---

* Circuit Judge of the Second Circuit, sitting by designation.

1. 362 So.2d 1371 (La.1978).

2. 1942 La. Acts No. 43, § 1, Art. 44 (emphasis added).

3. 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976).

4. *Id.*, 428 U.S. at 333–34, 96 S.Ct. at 3006.

5. *Selman v. Louisiana*, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976).

6. La.Code Crim.Proc.Ann. arts. 905–905.9 (West 1984). *See* Comment, The Work of the Louisiana Legislature for the 1976 Regular Session, 37 La.L.Rev. 89, 197–99 (1976).

One of the new statutes, Louisiana Code of Criminal Procedure Article 905.6, states:

A sentence of death shall be imposed only upon the unanimous recommendation of the jury. If the jury unanimously finds the sentence of death inappropriate, it shall recommend a sentence of life imprisonment without benefit of probation, parole or suspension of sentence.[7]

The new statutes, however, did not become effective until October 1, 1976.[8] Thus, at the time Burge committed the crime of aggravated kidnapping, the only statute in effect for that offense required the death sentence when the victim had been harmed, and a sentence to life imprisonment at hard labor when the victim had not been harmed, but it did not authorize imposition of a sentence of life imprisonment without benefit of parole. In addition, the Supreme Court's decisions in *Roberts* and *Selman* had made it clear that the mandatory death sentence could not constitutionally be imposed.

At Burge's trial in October 1977, the jury returned a verdict of guilty but recommended against the death penalty. The state trial court employed the sentencing procedure authorized by the amended Louisiana statutes and imposed two consecutive life sentences without benefit of parole, probation, or suspension of sentence, one for the offense of aggravated rape, and the other for the offense of aggravated kidnapping. On appeal, the Louisiana Supreme Court held the sentence for aggravated rape to be invalid because "[a]t the time of the offense (July, 1976), there was no alternative life sentence available to the jury." [9] It therefore "vacate[d] Burge's life sentence for aggravated rape and remand[ed] to the trial court for resentencing for the most serious penalty for the next lesser included offense—attempted aggravated rape." [10] The court let Burge's sentence for kidnapping stand, however, explaining only that "aggravated kidnapping is a capital offense where, as here, the victim was not released unharmed." [11] On remand, the trial court sentenced Burge to fifty years of imprisonment for attempted aggravated rape to be served consecutively to the life sentence without benefit of parole for aggravated kidnapping.

In 1986, after exhausting his state post-conviction remedies, Burge filed a petition for a writ of habeas corpus in federal district court. Only one of the issues raised in the petition, the validity of Burge's sentence for kidnapping, is raised on appeal. With respect to that issue, Burge's pro se petition states:

The petitioner's sentence to life imprisonment "without probation, parole or suspension of sentence" is illegal. At the time of the offense, aggravated kidnapping was punishable either by death or by a sentence of simple life imprisonment. R.S. 14:44. The death penalty provision was, however, invalid. Under established jurisprudence, the defendant should have been sentenced to the most serious penalty for the next lesser included offense at the time the crime was committed. *State vs. Sledge*, 340 So.2d 205 ([La.]1976). The sentence of life imprisonment "without probation, parole, or suspension of sentence" was provided for only in Article 905 et seq., C.Cr.P. As explained above, however, under *State vs. Collins*, [370 So.2d 533 (La. 1979)], that Article cannot be applied to crimes committed prior to its effective date on October 1, 1976. "Considerations arising from the ex post facto clause compel that same conclusion." ... Cf. *State vs. Curtis*, 363 So.2d 1375 (La.1978).

The district court granted Burge's petition "to the extent that petitioner should be resentenced by the state trial court to life imprisonment at hard labor on the aggravated kidnapping conviction." The district court held that the state trial court, by applying the provisions of amended Article 905, had increased the severity of Burge's sentence in violation of the constitutional prohibition against ex post facto laws.

---

7. La.Code Crim.Proc. art. 905.6 (West 1984).

8. *See State v. Collins,* 370 So.2d 533 (La.1979).

9. *State v. Burge,* 362 So.2d 1371, 1375 (La.1978).

10. *Id.*

11. *Id.*

## II.

We need not address whether Burge's kidnapping sentence was ex post facto because it undoubtedly was illegal. In *State v. Collins*,[12] the Louisiana Supreme Court held that Article 905, the statute under which Burge was sentenced, does not apply to crimes committed before October 1, 1976. The court stated:

[O]ur state law prohibits the retroactive application of the 1976 capital punishment legislation. Nowhere in the ... legislation itself is there any provision which purports to apply the new laws retroactively to crimes which were committed before the legislation's effective date. Therefore, these acts are governed by the ... legislature's express stipulation that no section of the Revised Statutes is retroactive unless expressly so stated.[13]

Burge, then, was sentenced under a statute that, under Louisiana law as interpreted by the Louisiana Supreme Court, did not apply to his crime, and because only that statute provided for a sentence of life imprisonment without benefit of parole, he was subjected to a penalty that was not authorized by any applicable statute. For this reason, he was sentenced in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

This circuit has recognized that, "[v]iolation of state sentencing statutes can in certain circumstances invoke the due process protections of the Constitution,"[14] and other circuits have decided cases that, if not presenting exactly the question at issue here, are nonetheless instructive. In *Wasko v. Vasquez*,[15] for example, the Ninth Circuit granted habeas-corpus relief to correct a prisoner's two-year sentence for attempted escape that had been imposed by the California Department of Corrections because state law authorized only a sentence of eight months. In *King v. Hoke*,[16] moreover, the Second Circuit held that a state sentencing judge's misunderstanding of a defendant's minimum statutory parole eligibility date was sufficient to deprive the defendant of due process even though the sentence actually imposed was within the range permissible under state law. Burge's illegal sentence is even more clearly a violation of due process.

## III.

For these reasons, we declare that the sentence imposed on Burge violated his right to due process and we direct that a writ of habeas corpus be issued unless, within 120 days, or such additional reasonable time as shall be allowed by the district court on application to it by the state within that time, he shall be resentenced in accordance with the state law in effect at the time of his crime.

The judgment of the district court accordingly is AFFIRMED as modified.

---

**12.** 370 So.2d 533 (La.1979).

**13.** *Id.* at 534.

**14.** *Hill v. Estelle,* 653 F.2d 202, 204 (5th Cir. Unit A), *cert. denied,* 454 U.S. 1036, 102 S.Ct. 577, 70 L.Ed.2d 481 (1981).

**15.** 820 F.2d 1090 (9th Cir.1987).

**16.** 825 F.2d 720 (2d Cir.1987).