**Kenneth PILKERTON, Petitioner–Appellant,**

v.

**Michael GROOSE, Respondent–Appellee.**

No. 93–2671.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1994.

Decided July 28, 1994.

Rehearing Denied Sept. 12, 1994.

Kathryn S. Render, St. Louis, MO, argued, for appellant.

Millie E. Aulbur, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon and Millie E. Aulbur, on brief), for appellee.

Before MAGILL and LOKEN, Circuit Judges, and EISELE,* Senior District Judge.

LOKEN, Circuit Judge.

In February 1989, Kenneth Charles Pilkerton pleaded guilty in Missouri state court to three counts of first degree robbery and one count of armed criminal action. He received four concurrent life sentences which he did not appeal. In February 1992, he filed a petition for a writ of habeas corpus in state court, arguing that the life sentence for armed criminal action was imposed in violation of his due process rights. This petition was summarily denied by the Circuit Court

---

* The HONORABLE G. THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

for Cole County and, on appeal, by the Missouri Court of Appeals and the Missouri Supreme Court.

Pilkerton then petitioned for federal habeas corpus relief under 28 U.S.C. § 2254, raising the same sentencing claim. The district court[1] denied the petition, concluding that Pilkerton's claim is procedurally barred and, alternatively, that it "involves an interpretation of state law" rather than a valid due process claim for federal habeas corpus relief. Pilkerton appeals, arguing that his claim is not procedurally defaulted and does not turn solely on issues of state law. We decline to reach the potentially difficult procedural bar question[2] because it is clear that the district court correctly denied Pilkerton's federal habeas claim on the merits.

Pilkerton attacks the life sentence he received under Mo.Rev.Stat. § 571.015.1, which provides that a defendant convicted of armed criminal action "shall be punished by imprisonment ... for a term of not less than three years." He relies upon *Hemphill v. State*, 566 S.W.2d 200, 205 (Mo. banc 1978), and *State v. Stephens*, 507 S.W.2d 18, 22 (Mo. banc 1974), in which the Missouri Supreme Court held that a second-degree murder statute that did not prescribe a maximum prison sentence, *when read in conjunction with § 546.490*, authorized a life sentence. Noting that § 546.490 was repealed in 1979, long before his offense of conviction, Pilkerton argues that his due process rights were violated because he was necessarily sentenced under this repealed statute.

Though creative, this contention is fatally flawed. Pilkerton was indicted and sentenced under § 571.015. Following the repeal of § 546.490, the Missouri courts have consistently held that "[t]he absence of a stated maximum penalty [in § 571.015] merely indicates a legislative intent that a defendant convicted of [armed criminal action] may be sentenced to any term of years above the minimum, including life imprisonment." *Thurston v. State*, 791 S.W.2d 893, 895 (Mo. App.1990), followed in *State v. Stoer*, 862 S.W.2d 348, 353 (Mo.App.1993), and *State v. LaRue*, 811 S.W.2d 40, 46 (Mo.App.1991); *see also Mannon v. State*, 788 S.W.2d 315, 322 (Mo.App.1990) (second-degree murder statute). Thus, even if Pilkerton has a federal due process right not to be sentenced under a repealed Missouri statute—a question we need not decide[3]—that did not happen in this case. As in *United States v. Addonizio*, 442 U.S. 178, 186, 99 S.Ct. 2235, 2241, 60 L.Ed.2d 805 (1979), there is no basis for habeas corpus relief because "the sentence imposed was within the statutory limits; and the proceeding was not infected with any error of fact or law of the 'fundamental' character than renders the entire proceeding irregular and invalid."

The judgment of the district court is affirmed.

---

**1.** The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri, adopting the Report and Recommendation of the HONORABLE CAROL E. JACKSON, United States Magistrate Judge (now District Judge) for the Eastern District of Missouri.

**2.** The district court held that Pilkerton's claim is procedurally barred because he did not seek post-conviction relief under Missouri Supreme Court Rule 24.035 before seeking habeas corpus relief under Supreme Court Rule 91. A Missouri prisoner who has failed to seek relief under Rule 24.035 may use the state habeas remedy *"only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results." *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993) (emphasis in original); *see also Duvall v. Purkett*, 15 F.3d 745, 746–47 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2753, 129 L.Ed.2d 870 (1994). If Pilker-

ton's sentencing claim does not fall within the "jurisdiction" exception of *Simmons*, his state habeas petition was procedurally defaulted by his failure to file a Rule 24.035 motion. However, even if a claim is procedurally defaulted under state law, the state courts are free to decide it on the merits. Thus, the difficult procedural bar issue in this case is whether the Missouri Supreme Court summarily denied Pilkerton's state habeas petition because it was procedurally defaulted, or on the merits. *See Ylst v. Nunnemaker*, 501 U.S. 797, 800–01, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991); *Coleman v. Thompson*, 501 U.S. 722, 735–38, 111 S.Ct. 2546, 2557–58, 115 L.Ed.2d 640 (1991); *Byrd v. Delo*, 942 F.2d 1226, 1232 (8th Cir.1991).

**3.** *Compare Jones v. Arkansas*, 929 F.2d 375, 380 & n. 14 (8th Cir.1991), *and Burge v. Butler*, 867 F.2d 247, 250 (5th Cir.1989).