IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30853
Summary Calendar

_____

AUGUST WILLIAMS,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3762-M

- - - - - - - - - -

June 30, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

August Williams, Louisiana prisoner # 74774, appeals the

denial of his application for habeas relief filed pursuant to 28

U.S.C. § 2254. The district court granted him a certificate of

appealability (COA) on two issues: (1) whether the trial court

erred in resentencing him to life imprisonment after his death

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentence was vacated, in violation of his rights under the Due Process and Equal Protection Clauses; and (2) whether his sentence implicates his rights under the Due Process Clause because his parole eligibility is vitiated by La. Rev. Stat. Ann. 15:574.4(B)'s requirement that his life sentence be commuted to a fixed term of years before he may be considered for parole.

Because it is unclear from the record whether the merits of these claims were adjudicated by the Louisiana courts, we review this matter de novo. See Nobles v. Johnson, 127 F.3d 409, 416 (5th Cir. 1997), cert. denied, 118 S. Ct. 1845 (1998).

Williams claims that his sentence violates his guarantee to due process in several respects. All of these claims, however, are founded exclusively upon purported violations of state law. Accordingly, they are not cognizable in federal habeas corpus. See Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995).

Nor does Williams's sentence implicate his rights under the Equal Protection Clause. "The equal protection clause essentially requires that all persons similarly situated be treated alike." Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 932 (5th Cir. 1988). Williams cannot demonstrate that he and the defendant in State v. Fraise, 350 So. 2d 154 (La. 1977) are similarly situated. By the time Fraise was convicted, Louisiana had amended the relevant statutory scheme to delete the possibility of a life term for defendants convicted of aggravated rape. See State v. Craig, 340 So. 2d 191, 193-94 (La. 1976). Accordingly, unlike Williams, Fraise could not be given a term of life upon resentencing.

Williams's assertions regarding his ineligibility for parole are equally unavailing.  Williams, in essence, argues that 15:574.4(B)'s commutation requirement denies him the parole eligibility granted him by the Louisiana Supreme Court.  Williams again fails to assert a claim cognizable in habeas review, as this claim urges merely a violation of Louisiana law.  <u>See</u> § 2254(a); <u>Jackson v. Anderson</u>, 112 F.3d 823, 825 (5th Cir. 1997).  His claim that his sentence violates article 879 of Louisiana's Code of Criminal Procedure falters for the same reason.  Accordingly, the denial of Williams's § 2254 application is

AFFIRMED.