IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51222
Summary Calendar

_____

MICHAELA RAE HOLLEY,

Petitioner-Appellant,

versus

STATE OF TEXAS,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-311
- - - - - - - - - -

September 3, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michaela Rae Holley, under indictment for murder, appeals the district court's denial of her petition for a writ of habeas corpus. Because Holley has not been retried and convicted, the correct basis for her habeas petition is 28 U.S.C. § 2241.

Holley argues that a retrial on this indictment is barred by the Double Jeopardy Clause because her first trial ended in a mistrial when a juror informed the state trial judge that he recognized both her and the witness then on the stand for the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state.  The state trial court cited manifest necessity as the reason for dismissing the juror and ordering a mistrial, both over Holley's objections.  Once a trial court has declared a mistrial on manifest necessity grounds, we, as the reviewing court, are to give great deference to the trial court's decision. Cherry v. Director, State Bd. of Corrections, 635 F.2d 414, 418 (5th Cir. 1981).  When a *sua sponte* mistrial is declared for juror bias, the decision should be upheld unless the trial judge has acted irrationally or irresponsibly.  Arizona v. Washington, 434 U.S. 497, 514 (1977).

The district court rejected Holley's double jeopardy claim because it found that "there is nothing to indicate that the trial judge ... acted either irrationally or irresponsibly."  The district court's finding is supported by the record and Holley has not presented any evidence that meets the standard of review. See Baker v. Metcalfe, 633 F.2d 1198, 1201 (5th Cir. 1981); United States v. Gonzalez, 76 F.3d 1339, 1342 (5th Cir. 1996).

Holley also argues that the state trial court misapplied Texas state law when it determined that a mistrial was necessary because the trial could not continue with eleven jurors, as requested by Holley.  The Texas Tenth Court of Appeals held that the state trial court correctly applied the Texas law in force at the time it declared the mistrial.  Federal habeas courts are not super state supreme courts.  Cronnon v. Alabama, 587 F.2d 246, 250 (5th Cir. 1979).  Once a state has interpreted its own law, the federal habeas court will accept that interpretation.  Seaton v. Procunier, 750 F.2d 366, 368 (5th Cir. 1985).

The district court's use of § 2254 instead of § 2241 to decide the merits of Holley's habeas petition was harmless error because a review of the record applying the standards of § 2241 produces the same results.  Accordingly, the dismissal of Holley's habeas corpus petition is AFFIRMED.

AFFIRMED.